IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

MALACHI EDWARDS and )
MALCOLM EDWARDS, )
)
Plaintiffs, )
)
v. )                    Case No. 10-2299-EFM
)
MONUMENTAL LIFE INSURANCE )
COMPANY, )
)
Defendant. )

**MEMORANDUM AND ORDER**

The Court can alter or amend a judgment to correct clear error or prevent manifest injustice. The burden is on Monumental to show the Court misapplied the law or the facts of the case. Monumental has not demonstrated that the Court clearly erred or that the ruling of the Court constitutes manifest injustice. Monumental's Motion to Alter Judgment (Doc. 41) is denied.

Attorney's fees are allowed when an insurance company denies payment without just cause. When Monumental denied payment to Plaintiffs, the primary case relied upon by Plaintiffs had not been decided, and Monumental reasonably believed there were factual issues in dispute. Attorney's fees should not be granted to Plaintiffs. Plaintiffs' Motion for Attorney Fees (Doc. 40) is denied, and Monumental's request to alter the award of attorney's fees (Doc. 41) is granted.

I. Standard

A motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.[1] A motion under Rule 59(e) is

---

[1] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

not the appropriate place to advance arguments that were not made in prior briefings.[2]

II.  Discussion

a.  Motion to Alter or Amend Judgment

Monumental argues that the Court's Judgment entered on August 23, 2011 should be altered and amended to correct clear error and prevent manifest injustice because Plaintiffs did not establish as a matter of law that Smith's death was accidental.  Monumental also argues the drug exclusion is not ambiguous and bars coverage.

A motion to alter the judgment is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[3]  The purpose of the motion is not to revisit issues already addressed or to make new arguments that could have been presented originally.[4]  The burden is on the moving party.[5]

Monumental recites the same arguments in the motion to alter as it did in the summary judgment motion regarding the cause of death.  Monumental argues that a question of fact existed that required submission to the jury.  The Court finds no manifest error of law because Court followed Kansas precedent in applying the law.  The Court thoroughly reviewed the allegations of fact, the parties' briefs, and case law relevant to the issue. It appears that Monumental is attempting to get a second bite at the apple, which is not the purpose of a motion under Rule 59(e).

---

[2] *Id.*

[3] *Comeau v. Rupp*, 810 F.Supp. 1172, 1175 (D.Kan. 1992).

[4] *Id.*

[5] *Classic Communc'ns, Inc. v. Rural Tel. Svc., Co., Inc.*, 180 F.R.D. 397, 399 (D.Kan. 1998).

Monumental has not show that manifest injustice will result if the Court does not reform the judgment.

Monuments presents new cases in arguing the prescription drug benefit was not ambiguous and excluded coverage. Although Monumental cited to different cases, the arguments are the same. The new cases Monumental cites were all decided prior to the filing of the case at hand, and were available to Monumental in the initial briefing. A motion to alter the judgment should not rely on new arguments that could have been raised in prior briefings.[6] Monumental has not cited to new evidence or a change in the law, and has failed to clearly establish a manifest error of law. Monumental's motion to alter the judgment is denied.

b. <u>Motion for Attorney Fees</u>

In the Memorandum and Order granting summary judgment to the Plaintiffs, the Court granted the Plaintiffs' request for attorney's fees finding that all issues were decided in their favor. Plaintiffs' then filed a Motion for Attorney's Fees, detailing the contract between the firm and their clients, and attaching a copy of the employment agreement. Monumental requests the Court vacate the previous order of the grant of attorney's fees in their Motion to Alter Judgment.

Monumental argues that a good faith controversy existed as to the applicability of the Policy and its exclusions under the Policy. Monumental also argues that the *Flores* decision does not support an award of attorney's fees as it was filed after Monumental had refused to pay benefits, and *Flores* interprets and applies Oklahoma law, not Kansas. Finally, Monumental argues that the Prescription Drug exclusion had never been held ambiguous until this Court entered it's Order.

---

[6] *Servants of Paraclete*, 204 F.3d at 1012.

Attorney's fees are permitted when:

"[j]udgment is rendered against any insurance company as defined in K.S.A. 40-201... if it appear from the evidence that such company... has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs."[7]

"Whether an insurance company has refused to pay a claim without just cause depends upon the facts and circumstances of a particular case.  If a good faith legal controversy exists as to liability, attorney fees must be denied.  Further, if a bona fide and reasonable factual ground for refusing to pay a claim exists, attorney fees are not awarded."[8]  Denial of payment that is not arbitrary, capricious, or in bad faith will not give rise to an award of attorney fees.[9]  Bona fide means a position which is not frivolous or patently without reasonable foundation.[10]  In refusing to pay a claim, the insurer has a duty to make a good faith investigation of the claim.[11]

Monumental denied coverage prior to the case being filed on April 30, 2010.  The *Flores* decision, upon which the Plaintiffs rely, was published on September 27, 2010.  The Tenth Circuit had not decided the *Flores* case when Monumental denied benefits to the Plaintiffs.

In reviewing the facts of the case at hand and the case law allowing attorney's fees, the Court agrees with Monumental that the initial order granting attorney fees was premature and without support.  Monumental presented a valid argument to the Court in support of their reasons for initially

---

[7] K.S.A. § 40-256.

[8]  *Allied Mut. Ins. Co. V. Gordon*, 248 Kan. 715, 735, 811 P.2d 1112 (1991).

[9]  *Clark Equip. Co. v. Hartford Accident & Indemnity Co.*, 227 Kan. 489, 493-94, 608 P.2d 903 (1980).

[10] *Id.* at 494.

[11] *Brown v. Combined Ins. Co. of America*, 262 Kan. 223, 227, 597 P.2d 1080 (1979).

denying the claim.  In *Narron v. Cincinnati Ins. Co.*,[12] the Court found that since the insurance company had a legitimate argument to present to the court, refusal to provide coverage was not without just cause or excuse.  Just like in *Narron*, Monumental should be allowed the opportunity to raise legitimate arguments and test the law in Kansas.[13]

Attorney's fees are not appropriate when "the insurance policy reveals there were sections of the policy which needed to be interpreted and construed" in order to determine whether the insurance company was responsible for payment.[14]  In *Garcia*, because there was a question whether exclusions applied, and questions regarding which state law applied, the court found that the denial of attorney fees was within the discretion of the trial judge.[15]

Monumental's initial denial of benefits was not in bad faith or without just cause.  Based on the circumstances of this case, Monumental had a bona fide and reasonable factual basis to deny the claim.  There is no showing that the refusal to pay benefits was arbitrary, capricious, or in bad faith.[16]  Plaintiffs' Motion for Attorney's Fees is denied, Monumental's Motion to Amend the award of attorney's fees is granted, and the Court's Order granting attorney's fees, dated August 23, 2011, is amended to deny attorney's fees.

---

[12]  278 Kan. 365, 376-77, 97 P.3d 1042 (2004).

[13]  See also *Glickman, Inc. v. Home Ins. Co.*, 86 F.3d 997, 1003 (10th Cir. 1996)(an issue which had not been decided nationally and the Kansas Supreme Court had not yet had an opportunity to rule allowed the company every right to test the law in Kansas); *Ogden v. Continental Cas. Co.*, 208 Kan. 806, 812, 494 P.2d 1169 (1972)(a question of law of first impression in Kansas precludes attorney's fees because the insurer was allowed to test the courts).

[14]  *Farmers Alliance Mut. Ins. Co. v. Garcia*, 33 Kan.App.2d 90, 95, 97 P.3d 501 (2004).

[15]  *Id.*

[16]  See *Clark Equip. Co. v. Hartford Accident & Indemnity Co.*, 227 Kan. 489, 493-94, 608 P.2d 903 (1980).

III.  <u>Conclusion</u>

IT IS THEREFORE ORDERED that Monumental's Motion to Amend the Judgment (Doc. 41) is GRANTED IN PART AND DENIED IN PART.  Monumental's request to alter the judgment as to the Court's ruling granting Plaintiff's Motion for Summary Judgment and denying Monumental's Motion for Summary Judgment is DENIED.  Monumental's request to alter the decision to award attorney's fees to Plaintiffs is GRANTED.  Plaintiffs' Motion for Attorney's Fees (Doc. 40) is DENIED.

IT IS SO ORDERED this 13th  day of March, 2012.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE